## MANHATTAN LIFE INS. CO. v. O'NEIL.

(Circuit Court of Appeals, Third Circuit. November 28, 1898.)

Nos. 14 and 15, September Term, 1898.

EVIDENCE—CONSIDERATION STATED IN DEED AS ADMISSION OF VALUE—REBUTTAL TESTIMONY.

> A plaintiff in ejectment has the right to rely in the first instance upon the consideration stated in defendant's deed, as an admission of the value of the property; and where he offers evidence to show that defendant paid much less than the sum stated, to impeach the good faith of defendant's purchase, which is met by evidence that the value of the land is less, he is entitled to introduce evidence on the question of value in rebuttal.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

These were actions in ejectment by the Manhattan Life Insurance Company against Edward O'Neil. There were judgments for defendant, and plaintiff brings error.

M. A. Woodward, for plaintiff in error.

Thomas Patterson, for defendant in error.

Before DALLAS, Circuit Judge, and BUTLER and BRADFORD, District Judges.

BUTLER, District Judge. These cases (actions of ejectment for lands in Allegheny county) were tried together. The plaintiff's title rests on marshal's deeds, made in pursuance of sales under a judgment against James McKown; while the defendant's rests on deeds from McKown himself, of earlier date. The plaintiff attacked the latter as fraudulent, alleging that they were made when McKown was insolvent, without adequate consideration, to cheat his creditors; and that O'Neil, who is his brother-in-law, was a party to the fraud. The consideration stated to have been paid is $14,000—$7,000 for each property. Treating the statement as sufficient prima facie evidence of value, the plaintiff produced testimony that the price paid was $2,000—being an indebtedness of McKown to O'Neil—and a liability incurred by the

latter as security for the former, on which nothing appears to have been paid. The defendant then exhibited testimony to show that the price stated in the deeds is much too high. In answer the plaintiff offered testimony to prove that the estimates of the defendant's witnesses were too low, and that the value specified in the deeds was not too great. To this offer the plaintiff objected, and the court sustained the objection. This action of the court, and numerous exceptions to the charge, form the basis of the several assignments of error. As respects the exceptions to the charge it is sufficient to say that none of them are sustained. The plaintiff presented numerous points, relating to matters of fact, which could not be affirmed (without qualification at least). The one important question in the case was: Does the evidence prove the alleged fraud? This was for the jury, and was fairly submitted.

In rejecting the plaintiff's offer of testimony, we think the court was wrong. That the testimony proposed was relevant and important cannot be doubted. It went to the marrow of the question involved— the adequacy of price, paid for the property. The objection urged was that the offer came too late. It seems clear to us that it did not, however; that it came in its proper place and order. The plaintiff was fully justified in relying, at the outset, on the sum stated in the deeds to have been paid. This was a distinct admission of value, quite sufficient for the plaintiff's purpose, until attacked. The statement was the defendant's, as clearly as if he had executed the deeds, instead of accepting and holding under them. The plaintiff was not required to anticipate that he would attack the truth of the statement, but might properly wait until he did, and then answer him.

The judgment must be reversed.